UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHERINE H. FRANK, and her husband, KENNETH W. FRANK, by and through DAVID K. FRANK, his attorney-in-fact, and DAVID K. FRANK and PATRICIA L. FRANK, individually and as a marital community,,<br><br>Plaintiffs,<br><br>v.<br><br>LAURIE McCLANAHAN, individually and as part of her marital community; JOHN A. CLEES, individually and as part of his marital community; MARY G. GENTRY, individually and as part of her marital community; and the FRANK FAMILY FOUNDATION, a Washington corporation,,<br><br>Defendants. | Case No. 05-5782<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs' Motion to Remand to State Court. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Plaintiffs' motion and remands this case to the state court.

ORDER - 1

## INTRODUCTION AND BACKGROUND

Plaintiffs in this action are family members who hired the individual professional Defendants to provide tax and estate planning services. The Defendant Frank Family Foundation is the nonprofit entity created to effectuate these purposes on the advice of the professional Defendants.

Plaintiffs initially filed suit in the Superior Court of Washington for Mason County, alleging causes of action in negligence and malpractice against the professional defendants in the performance of their duties as accountants and/or attorneys. The complaint further alleges the professional defendants exercised undue influence and made negligent misrepresentations. Against the defendant Frank Family Foundation Plaintiffs assert a claim of breach of fiduciary duty and misappropriation. Finally the complaint seeks to void the transfer of property to the Foundation and to quiet title to the property.

The allegations underlying these claims are the failure of the professional defendants to create the Foundation in a manner that would accomplish the Franks' goals of reducing their estate and income taxes and preserving the use in perpetuity of their Cranberry Lake property for the Frank family. Concerning federal tax consequences, Plaintiffs assert that the professional defendants (1) failed to obtain an Internal Revenue Service (IRS) determination that the Foundation qualified as a private operating foundation, (2) failed to ensure sufficient charitable activities by the Foundation, (3) failed to advise as to the amount of Internal Revenue Code deductions, (4) failed to coordinate IRS forms with the Foundation's private foundation status, (5) failed to protect the Foundation from potential liability for the failure to meet Internal Revenue Code distribution requirements, and (6) failed to ensure Internal Revenue Code disclosure requirements.

Defendants removed the case to federal court on the basis of federal question jurisdiction. Plaintiffs move for remand to state court.

## LEGAL STANDARDS GOVERNING MOTIONS TO REMAND

Defendants may remove to federal court "any civil action brought in a State court of which

ORDER - 2

the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  This authority is tempered by two provisions authorizing remand to state court.  The first provision, 28 U.S.C. § 1448(c), mandates remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  The second provision, 28 U.S.C. § 1441(c), authorizes discretionary remand of "all matters in which State law predominates."

When considering a motion to remand, a federal district court must consider whether the district court would have federal question jurisdiction originally and be mindful of the admonition that the removal statute is strictly construed against removal jurisdiction.  Hofler v. Aetna U.S. Healthcare of Cal., Inc., 296 F.3d 764, 768 (9th Cir.2002).  Furthermore, the burden of establishing federal jurisdiction falls to the party invoking the removal statute.  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.2004).

**JURISDICTION BASED ON A SUBSTANTIAL FEDERAL QUESTION**

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The vast majority of cases that come within this grant of jurisdiction are those in which federal law creates the cause of action.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).  The mere presence of a federal issue does not automatically confer federal-question jurisdiction.  Id.  However, federal jurisdiction may also be appropriate where "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

No federal claims are expressly plead in the Franks' complaint.  However, citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., ___ U.S. ___, 125 S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005), Defendants contend that federal question jurisdiction exists because a substantial disputed question of federal tax law is a necessary element of the state claims.  In Grable, the test for federal jurisdiction was formulated as follows: "[D]oes a state-law claim necessarily raise a stated

ORDER - 3

federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" Id. at 2368.

In Grable the IRS had seized the plaintiff's land to satisfy a federal tax delinquency and had notified him of the seizure by mail. Thereafter, the IRS sold the property to the defendant. The plaintiff sued for quiet title in state court, alleging that, by notifying him of the seizure by mail rather than by personal service, the IRS failed to comply with the notice requirement provided for by federal statute. The defendant removed the case to federal court, asserting federal question jurisdiction, and the plaintiff's motion to remand to state court was denied. Id. at 2366. Applying the above test, the Supreme Court concluded that removal was proper. First, a federal issue was in dispute because the parties disputed the meaning of the notice provision. Second, the question of whether the plaintiff was given notice as defined by the federal law was an essential element of the plaintiff's quiet title claim and thus the issue was necessarily raised. Third, as to the substantiality of the federal issue, the Court held that the meaning of the tax provision at issue was an important issue of federal law sensibly belonging in federal court. Id. at 2368. See also, Baker v. BDO Seidman, L.L.P, 390 F.Supp.2d 919, 921 (N.D.Cal.,2005). The Court reasoned that the government has a strong interest in the prompt and certain collection of delinquent taxes. Resolution of the notice provision would be important to the IRS's ability to satisfy its claims from the property of delinquents and sell the property to purchasers. The Court referenced the government's interest in a federal forum to satisfy its claims over the property of tax delinquents, and the fact that buyers and delinquents may find it valuable to come before judges accustomed to federal tax matters. Finally, in finding that federal jurisdiction in this case would not upset the federal and state division of labor, the Court reasoned that, since "it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." Grable, 125 S.Ct. at 2368.

ORDER - 4

The Grable court explained that its opinion was not at odds with the earlier ruling in Merrell Dow. That case considered a state tort claim resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law. Merrell Dow, 478 U.S., at 806. The Court assumed that federal law would have to be applied to resolve the claim, but after closely examining the strength of the federal interest at stake and the implications of opening the federal forum, held federal jurisdiction unavailable. Id. at 812.

The professional defendants and the Foundation argue that like the quiet title cause of action in Grable, Plaintiffs' claims require interpretation of federal tax law, i.e., a determination as to whether the Foundation meets the requirements of tax exempt private operating foundation under the Internal Revenue Code, and they therefore meet the standards of jurisdiction set forth in Grable. Plaintiffs disagree and argue that while some of Plaintiffs state law claims involve the failure to comply with provisions of the Internal Revenue Code, there is no substantial dispute or controversy regarding the validity or construction of federal law. Plaintiffs' claims do not call into question the proper interpretation of federal tax law, but rather concern the actions of Defendants in formulating a tax strategy to take advantages of certain tax law provisions.

The Court finds this case more closely resembling Merrell Dow, rather than Grable. Unlike Grable, in which the meaning of the federal statute was 'the only legal or factual issue contested in the case,' this case involves state tort claims resting only in part on the allegation that Defendants failed to comply with federal tax law. Unlike the plaintiff in Grable, Plaintiffs do not call the tax law into question or challenge the Government's application of that law, but rather challenge, among other things, Defendants' interpretation of the law and advice to Plaintiffs in that regard, and whether Defendants' tax strategy is invalid. Facing a similar issue in Acker v. AIG Int'l, Inc., 398 F.Supp.2d 1239 (S.D. Fla.2005), the district court found removal to be improper. In Acker, investors filed a state court action alleging that their investment advisors improperly induced them to participate in an alleged tax strategy involving foreign currency option contracts. After removal, investors moved to

ORDER - 5

remand. The court held the action was not removable on basis of federal question jurisdiction, even though impropriety of strategy involved interpretation of federal tax laws, where investors' claims did not call into question the proper interpretation of federal tax law, but rather whether the Defendants' knew or should have known that the tax strategy was invalid under federal tax law. Id. at 1244-45.

The substantial and contested issues in this case are state law claims of professional malpractice, negligence, breach of fiduciary duty, and the like. The fact that those claims may touch upon questions of federal tax law does not present an actually disputed and substantial federal question. There is nothing to distinguish this case from fairly routine state law malpractice claims against attorneys, accountants, or other professionals based upon an unreasonable interpretation of federal tax law. The potential for shifting the division of labor from state to federal courts is much greater in this case because if federal jurisdiction exists here, any malpractice, breach of fiduciary duty, or similar state law claim alleging an unreasonable interpretation of federal tax law would invoke federal question jurisdiction. The fact that the nature of the conduct of Defendants involved judgments about federal tax law does not convert these state law claims into ones involving substantial and contested federal issues.

In sum, the Court finds no basis for federal jurisdiction based on a substantial disputed question of federal law. Plaintiffs are entitled to a grant of their motion to remand.

**REQUEST FOR FEES AND COSTS**

Plaintiffs seek recovery of fees and costs incurred in connection with the erroneous removal under 28 U.S.C. Section 1447(c). Section 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of fees is left to the district court's discretion. An award of attorney's fees under section 1447(c) is appropriate only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Martin v. Franklin Capital Corp., ___ U.S. ___, 126 S.Ct. 704, 711, ___ L.Ed.2d ___

ORDER - 6

(2005). The Defendants removed this action on the basis of the recent decision of the Supreme Court in <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, ___ U.S. ___, 125 S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005). The Court finds the Defendants' position reasonable. The Defendants submitted colorable argument and therefore had a good faith basis for removing the matter. In light of the facts of this case, and in an exercise of the Court's discretion, the Court will deny Plaintiffs' request for attorneys' fees and costs.

**CONCLUSION**

For the reasons set forth above Plaintiffs' Motion to Remand to State Court will be granted and the request for fees and costs denied.

ACCORDINGLY,

IT IS ORDERED:

Plaintiffs' Motion to Remand to State Court [Dkt. #9] is GRANTED and the request for fees and costs DENIED.

DATED this 17th day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7